IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **THERIAN WIMBUSH,** *Plaintiff,* v. **GOVERNOR BRIAN KEMP,** *et al.*, *Defendants.* | **CIVIL ACTION NO. 5:19-cv-00035-TES-MSH** |

### ORDER

Plaintiff Therian Wimbush, a prisoner in Arrendale State Prison in Alto, Georgia, initiated this case by filing a handwritten motion for preliminary injunction. [Doc. 1]. Plaintiff did not file the motion on a 42 U.S.C. § 1983 complaint form, nor did she file a § 1983 complaint along with the motion. *See* [*id.*]. As a result, United States Magistrate Judge Charles H. Weigle ordered Plaintiff to submit a proper and complete § 1983 complaint on the Court's standard form. [Doc. 7]. Thereafter, Plaintiff moved for two extensions of time, both of which which Magistrate Judge Weigle granted. *See* [Doc. 8]; [Doc. 10]; [Doc. 11]; [Doc. 12].

In the same order where Magistrate Judge Weigle granted Plaintiff's second motion for extension of time, he also granted Plaintiff leave to proceed in this action *in forma pauperis* and recommended that Plaintiff's motion for a preliminary injunction be denied. [Doc. 12]. This Court adopted that recommendation over Plaintiff's objection

and imposed a new deadline by which Plaintiff needed to file her recast complaint. [Doc. 15].

Plaintiff subsequently filed her first recast complaint (the "First Recast Complaint") within the time set by this Court. [Doc. 16]. On review of the First Recast Complaint, Magistrate Judge Weigle recommended that the Court revoke Plaintiff's *in forma pauperis* status and dismiss this case because Plaintiff had previously incurred three strikes and had not alleged facts establishing that she was in imminent danger of serious physical injury. [Doc. 19]. Plaintiff objected to Magistrate Judge Weigle's recommendation, but she also paid the filing fee for a civil action. [Doc. 24]. In light of her payment of the fee, this Court revoked Plaintiff's *in forma pauperis* status and remanded this matter to Magistrate Judge Weigle for a preliminary review of Plaintiff's First Recast Complaint. [Doc. 26].

Upon that review, Magistrate Judge Weigle recommended that this Court deny Plaintiff's second motion for preliminary injunction. [Doc. 29]. Magistrate Judge Weigle also found that Plaintiff's First Recast Complaint, which added a number of new claims not included in the original filing, did not comply with the Federal Rules of Civil Procedure insofar as Plaintiff sought to join a number of claims against multiple unrelated defendants and failed to properly connect the defendants to her claims. [*Id.*]. Thus, Magistrate Judge Weigle ordered Plaintiff to again recast her complaint if she

wanted to proceed with this action and included instructions for doing so. [*Id.* at pp. 4–5].

Plaintiff then filed a second recast complaint ("Second Recast Complaint"), but she entirely failed to correct the problems that Magistrate Judge Weigle had noted in regard to her First Recast Complaint. *See* [Doc. 38]. To the contrary, Plaintiff's Second Recast Complaint added new defendants and claims, such that it included 132 defendants and 36 potential claims. [*Id.* at pp. 7–11]. Plaintiff's statement of her claims also grew to a rambling 48-page narrative, largely relating to Plaintiff's criminal trial, conviction, and post-conviction proceedings. [*Id.* at pp. 12–60]. Plaintiff also added United States Magistrate Judge Charles Weigle, who was the magistrate judge assigned to the case at that time, to the list of defendants in this action without alleging facts against him. *See* [*id.* at p. 10]. As a result, this case was reassigned to United States Magistrate Judge Stephen Hyles.

Although most of Plaintiff's statement of claims in her Second Recast Complaint recounted the events of Plaintiff's criminal and post-conviction proceedings,[1] Plaintiff

---

[1] Insofar as Plaintiff appeared to be arguing that her conviction was void, Magistrate Judge Hyles reminded Plaintiff that a writ of habeas corpus is the sole federal remedy for a prisoner who is challenging the fact or duration of her confinement and seeking immediate or earlier release. [Doc. 44, pp. 2–3 n.2 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973))]. Furthermore, he stated that claims for damages in a civil rights action that would invalidate a prisoner's conviction or sentence are generally barred unless and until the conviction or sentence in question has been invalidated, such as through a habeas corpus petition. [*Id.* (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994))]. Although it appears that some of Plaintiff's claims in her most recent recast complaint would be barred by *Heck*, and that others may be barred by principles such as the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), or by judicial or prosecutorial

also included allegations relating to difficulties she encountered in filing grievances, violations of her right to exercise her religious freedoms, denial of due process relating to placement in segregation, understaffing at the prison, denial of access to mail and to the courts, improper footwear, denial of her right to equal protection relating to receiving food, and a lack of healthcare, among other things. *See generally* [*id.* at pp. 12–60].

On review of the Second Recast Complaint, Magistrate Judge Hyles found Plaintiff's Second Recast Complaint to be an impermissible shotgun pleading. [Doc. 44, p. 3 (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citations omitted))]. Nevertheless, in an effort to provide Plaintiff a full opportunity to present her claims, Magistrate Judge Hyles afforded her one last chance to file yet another recast complaint. [*Id.* at pp. 4–5].

In so ordering, Magistrate Judge Hyles again cautioned Plaintiff that she may not join unrelated claims in a single complaint. [*Id.* at p. 4]. Magistrate Judge Hyles also directed Plaintiff to set forth "a short succinct statement regarding why she has named each defendant." [*Id.* at p. 5]. And, Magistrate Judge Hyles ordered Plaintiff to limit her statement of the claim to no more than fifteen pages. [*Id.*]. Finally, Magistrate Judge Hyles warned Plaintiff that her failure to follow the Court's instructions would result in

---

immunity, for the reasons set forth herein, this Court will not weed through Plaintiff's claims to determine which claims are barred and which are not.

the dismissal of this action. [*Id.* (citing *Phipps v. Blakeney*, 8 F.3d 788 (11th Cir. 1993) (recognizing a court's authority to dismiss an action based on a willful refusal to follow court orders))].

Plaintiff has now filed a Third Recast Complaint, which does not comply with Magistrate Judge Hyles' order and instruction. [Doc. 45]. Initially, as noted above, Magistrate Judge Hyles ordered Plaintiff to limit her statement of the claim in the Third Recast Complaint to 15 pages. In the Third Recast Complaint, however, Plaintiff included a "Statement of Claims" that was fifteen pages long, and she also added a "Statement of Facts" that was an additional 30 pages. *See* [*id.* at pp. 19, 50]. A review of the § 1983 complaint form and Plaintiff's previous filings support the conclusion that Plaintiff added the "Statement of Facts" in the Third Recast Complaint in a blatant attempt to avoid the page limit Magistrate Judge Hyles set for her statement of the claim. *See* [*id.* at pp. 19–64].

In particular, the § 1983 complaint form only provides for a "Statement of Claims;" it does not provide for a separate statement of facts. *See* [*id.* at p. 5]. Instead, the instructions on that form indicate that factual allegations regarding what happened are to be included in the "Statement of Claim" section. *See* [*id.*]. Moreover, Plaintiff's past filings show that she understood that the facts were to be set forth in the statement of claims section because, in both her First and Second Recast Complaints, Plaintiff included her factual allegations under the statement of claims heading rather than

including a separate statement of facts. *See* [Doc. 16]; [Doc. 38]. In the Third Recast Complaint, Plaintiff's statement of facts and statement of claims together total 45 pages—well above the 15-page limit that Magistrate Judge Hyles set in this case. [Doc. 45]. As a result, this Court must conclude that Plaintiff willfully and deliberately refused to follow Magistrate Judge Hyles' order regarding page limits.

On a related point, consistent with the requirement in Federal Rule of Civil Procedure 8(a)(2) that the complaint include a short and plain statement showing that the plaintiff is entitled to relief, Magistrate Judge Hyles ordered Plaintiff to set forth a short and succinct statement of why she was including each defendant. [Doc. 44, pp. 4–5]. In this regard, Plaintiff's statement of facts section in the Third Recast Complaint includes a 183-paragraph recitation of facts relating to the events leading up to and including Plaintiff's arrest, incarceration, criminal trial, and post-conviction proceedings. *See* [Doc. 45]. The allegations in the statement of claims section relate back to this statement of facts, which must be referenced to understand the claims alleged against most of the defendants.

Moreover, although Plaintiff has cut down her list of defendants somewhat, she still includes some 81 defendants and 29 potential claims. *See* [*id.* at pp. 7–9, 13]. And while the statement of claims section includes references to individual defendants and some explanation as to why certain defendants are named, many of Plaintiff's allegations do not explain how the defendants violated her constitutional rights.

6

Instead, Plaintiff makes numerous allegations that the defendants took adverse actions against her, and she broadly asserts that such actions were part of a conspiracy without connecting those actions to a claim for a constitutional violation. *See generally* [*id.* at 19–65].

Further, to the extent that Plaintiff names numerous people involved in her court proceedings without connecting them to specific constitutional violations, it appears that Plaintiff is determined to stubbornly throw everything she can at this Court with the hopes that the Court will "sift through rambling allegations to separate the meritorious from the unmeritorious claims." [Doc. 44, p. 3 (citing *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010))]. As previously explained to Plaintiff, this is not a proper method of pleading because it results in a "massive waste of judicial and private resources." [*Id.*]. Indeed, it is not incumbent upon the Court to effectively re-write Plaintiff's complaint so that it complies with the Federal Rules of Civil Procedure. *See Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) ("[Although we] hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers . . . this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." (citation and quotation omitted)).

Furthermore, as to some of the defendants, Plaintiff still includes only vague and conclusory statements. For instance, Plaintiff lists fifteen defendants in one group stating only that they knew she was held under a void judgment, had the power to prevent violations of her rights, and "failed and refused to take any action." [Doc. 45, p. 62]. Thus, Plaintiff's allegations do not comply with Magistrate Judge Hyles' order to set forth a short and plain statement showing that Plaintiff is entitled to relief.

Additionally, Magistrate Judge Hyles instructed Plaintiff that she could only include multiple defendants in this action if the claims against them were properly related under Federal Rule of Civil Procedure 20(a)(1)(A)–(B). [Doc. 44, p. 4]. Although Plaintiff eliminated some of the claims against unrelated defendants in the Third Recast Complaint, she did not do so for all of her claims. Most glaringly, while much of Plaintiff's Third Recast Complaint concerns her criminal trial, conviction, and post-conviction proceedings, she has also included claims against individuals within the prison system relating to alleged denials of her religious freedoms arising out of a forced tuberculosis test and a failure to provide her with a religious diet. *See* [Doc. 45, pp. 59–60, 62]. These claims do not arise out of common operative facts and are not part of the same transaction, occurrence, or series of transactions or occurrences as the majority of Plaintiff's claims, which relate to her criminal case. *See Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016); *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013).

Plaintiff attempts to circumvent this requirement by baldly alleging that all defendants engaged in a vast conspiracy to violate her rights. These conspiracy allegations, however, are purely speculative and conclusory with no supporting facts to show that any such conspiracy existed. These types of conclusory allegations of a conspiracy are not sufficient to show that Plaintiff's claims are related to each other. *See Fullman v. Graddick*, 739 F.2d 553, 556–67 (11th Cir. 1984) (explaining that a claim for conspiracy requires more than vague and conclusory assertions to avoid dismissal).

Moreover, in past iterations of her complaint, Plaintiff included conspiracy in her list of potential claims, but she did not make specific allegations of a conspiracy, and she did not allege that actions in the prison were the result of any conspiracy. *See generally* [Doc. 38, pp. 12–60]. In contrast, in the Third Recast Complaint, Plaintiff has now alleged that various defendants took actions, such as forcing Plaintiff to take a tuberculosis test, "in furtherance of the agreement." *See* [Doc. 45, p. 38]. Thus, it appears from the Third Recast Complaint that Plaintiff included these conspiracy allegations in an attempt to circumvent the requirement that she only join related claims. For this reason, the Court also concludes that Plaintiff willfully and deliberately included unrelated claims, contrary to Magistrate Judge Hyles' order and the requirements of the Federal Rules of Civil Procedure.

Thus, despite being warned that her failure to follow instructions would result in the dismissal of this action, Plaintiff has willfully continued to disregard the Court's

9

orders and instructions with regard to the Third Recast Complaint. In light of her repeated refusal to refile her complaint in accordance with the Court's instructions, this Court finds that dismissal is appropriate. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) ("[A] court . . . has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."). Accordingly, the Court now **DISMISSES** Plaintiff's case **without prejudice** for the reasons set forth herein.

     **SO ORDERED**, this 9th day of December, 2020.

                                        S/ Tilman E. Self, III
                                        **TILMAN E. SELF, III, JUDGE**
                                        **UNITED STATES DISTRICT COURT**